# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Jose A. EDENHOFER
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24231

### Docket No.  1170

### 26 November 2002

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown.  Tried at Norfolk, Virginia, 5 March 2002.

| | |
|---|---|
| Military Judge: | CDR Mark R. Higgins, USCG |
| Trial Counsel: | LT Melissa J. Harper, USCG |
| Defense Counsel: | LT Christopher Dopke, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL TWO
### BAUM, KANTOR, & PALMER
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of the following offenses: one specification of conspiracy to distribute some quantity of 3, 4-methylenedioxy methamphetamine (MDMA) pills, commonly known as "Ecstasy," in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of wrongful procurement of enlistment by means of a knowingly false representation that he had never used any mind altering substance, when in fact he had used "Ecstasy" pills, in violation of Article 83, UCMJ; and one specification of wrongful use of some quantity of "Ecstasy" on divers occasions between 20 July 2001 and 23 July 2001, in violation of Article 112a, UCMJ.

The military judge sentenced Appellant to a bad conduct discharge, confinement for four months, reduction to pay grade E-1, and forfeitures of $826 pay per month for four months, which the convening authority approved as adjudged.  Before this Court, Appellant has assigned two errors: (1) that the forfeitures exceed the jurisdictional maximum for a special court-martial

because Rule for Courts-Martial (RCM) 1003(b)(2) requires that they be based on the pay grade to which Appellant is reduced, not the grade at trial, before reduction, which the judge utilized in computing the forfeitures; and (2) that an unsuspended bad conduct discharge is inappropriately severe. The Government agrees with the first assignment, as do we, and we will reduce the forfeitures accordingly. We disagree with the second assignment, concluding that the bad conduct discharge is appropriate for this Appellant and his offenses.

While not assigned as error, Appellant notes that the pretrial agreement calls for suspension of confinement in excess of 120 days, which was not done, since the convening authority apparently agreed with the trial participants that four months confinement is interchangeable with 120 days. This is not so, since four months amounts to 122 days in this case. Counsel has ascertained that Appellant was actually released from confinement after 120 days, and we will affirm only 120 days confinement in light of the convening authority's failure to comply with the letter of the pretrial agreement in his action on the record.

After reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings and sentence, except for the amount of forfeitures, and the four months confinement, are correct in law and fact, and, on the basis of the entire record, should be approved. The forfeitures will be reduced to conform to the requirements of RCM 1003(b)(2) and the confinement will be reduced to the number of days called for by the pretrial agreement. Accordingly, the findings and only so much of the sentence approved below as provides for a bad conduct discharge, confinement for 120 days, reduction to pay grade E-1, and forfeiture of $737 per month for four months are affirmed.



For the Court,


Roy Shannon, Jr.
Clerk of the Court